```
           IN THE UNITED STATES DISTRICT COURT
                        FOR THE
               MIDDLE DISTRICT OF PENNSYLVANIA
```

```
JEFFREY ROBERT ADAMS,              :
                                   :
          Plaintiff                :
                                   :
     v.                            :   CIVIL NO. 3:CV-12-1849
                                   :
SERGEANT KRISTA DROUSE, ET AL.,    :   (Judge Conaboy)
                                   :
          Defendants               :
```
_____

## MEMORANDUM
## Background

Jeffrey Robert Adams initiated this pro se civil rights action pursuant to 42 U.S.C. § 1983 regarding his prior confinement at the Northumberland County Prison, Sunbury, Pennsylvania.[1] Named as Defendants are the following officials of the Northumberland County Prison: Sergeants Krista Brouse and Joe Moore; Correctional Officers Jason Greek, Lehman, and William Reber; Nurse John Doe; Deputy Warden Brian Wheary and Warden Roy Johnson.

By Memorandum and Order dated August 20, 2013, Defendant John Doe's motion to dismiss was granted and the Corrections Defendants' motion to dismiss was partially granted. See Doc. 35. As a result of that Memorandum and Order, Plaintiff's surviving claims contend that he was subjected to: retaliation, excessive force and unconstitutional conditions of confinement.

By Order dated August 24, 2015, Remaining Corrections Defendants' motion to compel discovery was partially granted. See

---

1. The Plaintiff is no longer incarcerated.

1

Doc. 68. Plaintiff was directed to provide the Remaining Corrections Defendants with responses to their outstanding request for production of documents within twenty-one (21) days. The Order forewarned Plaintiff that failure to do so could result in the imposition of sanctions.

By order dated August 17, 2016, the parties were directed to complete discovery within sixty (60) days and file any dispositive motions within forty-five (45) days of the close of discovery.

Presently pending is the Remaining Defendants' motion seeking dismissal of Plaintiff's action for failure to prosecute. See Doc. 82.

## **Discussion**

Remaining Defendants' motion asserts that dismissal is warranted because Plaintiff has failed to apprise either opposing counsel or this Court of his current address. The motion states that although Adams was released from incarceration approximately nine (9) months ago he has failed to provide his current address. They add that as a result of their inability to communicate with the Plaintiff they have been unable to take his deposition or obtain adequate responses to their discovery requests.

M.D. Pa. Local Rule 83.18 provides that a pro se litigant has an affirmative obligation to keep the court informed of his or her address and must immediately inform the court if his or her address changes in the course of the litigation. When a plaintiff fails to prosecute a case or comply with an order of court, dismissal of his action is appropriate. See Federal Rule of Civil Procedure 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629 (1962). Plaintiff clearly recognized his obligation of notifying

this Court of any change in address since he previously has done so on multiple occasions during the course of these proceedings.  See Docs. 14, 29, & 50.

In a filing dated October 22, 2015, Plaintiff indicated that he would be released from confinement in approximately four months. See Doc. 77, p. 3.  A review of the docket shows that Adams has not made any subsequent filings with this Court since that date.  A copy of this Court's Order of August 17, 2016 which was mailed to Plaintiff at his last known place of confinement was returned with a notation that Adams was no longer at facility and the letter could not be forwarded.  See Doc. 79.  Counsel for the Remaining Defendants thereafter advised the Court that they sent correspondences to Plaintiff which were returned as undeliverable. See Doc. 80.

Although Adams has apparently left the custody of the Pennsylvania Department of Corrections, he has not advised this Court of either his release from his last place of confinement nor provided it with his current address.[2]  Consequently, he has clearly failed to comply with the requirements of Local Rule 83.18. In addition, Plaintiff has not made any filings whatsoever in this matter since November, 2015.  Based upon those circumstances, it appears that Plaintiff is no longer interested in pursuing his surviving claims against the Remaining Defendants.

Moreover, Adams' failure has prevented this matter from proceeding. As noted by the Remaining Defendants they have been

---

2. A review of the Department of Corrections electronic database indicates only that Adams has been paroled and provides no forwarding address.

3

unable to take Plaintiff's deposition or resolve issues relating to the adequacy of his discovery responses.  The inability of this Court and opposing counsel to communicate with Plaintiff is solely the result of his own inaction and renders ineffective any sanction short of dismissal of the action.  See <u>Poulis v. State Farm</u>, 747 F. 2d 863 (3d Cir. 1984).  Since Adams' present whereabouts are unknown, it would be a waste of judicial resources to allow this action to continue.

  Based on the present circumstances, the request for dismissal of this action without prejudice for failure to prosecute will be granted.  However, in the event that Adams provides this Court with his current address within a reasonable time period, this determination will be reconsidered.  An appropriate Order will enter.


     <u>S/Richard P. Conaboy</u>
     RICHARD P. CONABOY
     United States District Judge


DATED: NOVEMBER 3, 2016